**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 05-cv-01014-ZLW-BNB

LEO M. SPENDLOW, an Individual,

    Plaintiff,

v.

AMERICAN EAGLE DISTRIBUTING COMPANY, a Colorado corporation,
ANHEUSER-BUSCH SALES COMPANY OF DENVER, a Missouri corporation,

    Defendants.

---

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

---

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, plaintiff Leo M. Spendlow, and defendants American Eagle Distributing Company and Anheuser-Busch Sales Company of Denver, stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Confidentiality Agreement and Order (the "Confidentiality Order" or "Confidentiality Stipulation") with respect to disclosure of information, documents, or things in this litigation:

**1.     Confidential Information.**

(a)     As used in this Confidentiality Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing, that a party (the "Designating Party") furnishes, or already has furnished, in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below.

(b)     A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party.  Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Confidentiality Order.

(c)     In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d)     To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the

Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Confidentiality Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e)   Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

(i)   does not constitute a trade secret, as defined by Fed. R. Civ. P. 26(c)(7), or other confidential information;

(ii)   is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party and was not acquired from the Designating Party; or

(iii)   has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

(f)   Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that

CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Confidentiality Order, and (2) shall use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(g)  CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

(i)  the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

(ii)  officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(iii)  court reporters, court officials, and the jury involved in this litigation;

(iv)  experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

(v)  any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any

other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Confidentiality Stipulation shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent. CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area carefully delineated and designated confidential, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Confidentiality Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

    (h) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Confidentiality Order.

    (i) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(g) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

**2.** **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Confidentiality Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**3.     Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Confidentiality Stipulation and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes the Confidentiality Agreement in the form of Exhibit A. If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**4.     Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with D.C.COLO.LCivR 7.3, in a sealed envelope bearing the caption of the case and the legend, "Filed Under Seal," subject to Court procedures.

**5.     Application of this Confidentiality Order.**

(a)     This Confidentiality Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION, or any other material designated CONFIDENTIAL, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts.

      (b)    Nothing in this Confidentiality Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Confidentiality Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

**6.**    **Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Confidentiality Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Confidentiality Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

**7.     Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Confidentiality Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Confidentiality Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Confidentiality Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

**8.     Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Confidentiality Order regarding other uses of that CONFIDENTIAL INFORMATION.

**9.     Modification.**

This Confidentiality Stipulation may be modified only by Order of the Court.

**10.    Non-Parties.**

A non-party who produces any information, documents or things in this litigation that it wishes to be treated as CONFIDENTIAL may become a party to the Confidentiality Order, by

signing a copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party.  A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this litigation pursuant to the terms of this Confidentiality Order.

**11.** **Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within 30 days of a written request from the Designating Party, which notice shall be given within 30 days after said final disposition of this case, except that counsel may retain one copy of such CONFIDENTIAL INFORMATION to maintain a complete file.

Dated: May 18, 2006.

      s/ Ira E. Greschler
    Ira E. Greschler
    Dipak P. Patel
    St. Clair & Greschler, P.C.
    3100 Arapahoe, Ste. 503
    Boulder, CO  80303
    303-440-7500
    Attorneys For Plaintiff

s/ Marie E. Williams

Marie E. Williams
Elizabeth A. MacDonald
Faegre & Benson LLP
1700 Lincoln Street, Suite 3200
Denver, CO  80203
303-607-3500
Attorneys for Anheuser-Busch, Incorporated


s/ D.J. Poyfair

Karen R. Glickstein

Shughart Thomson & Kilroy, P.C.
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, MO 64105
Telephone:  (816) 421-3355

D.J. Poyfair CO #14266
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, CO  80265
Telephone:  (303) 752-9300

Attorneys For Defendant American Eagle

SO ORDERED.

Dated May 22, 2006.

                              BY THE COURT:

                               s/ Boyd N. Boland
                              United States Magistrate Judge

DNVR1:60344977.02

## AGREEMENT

I, [NAME], hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Order dated [DATE OF ORDER] in the action <u>Leo M. Spendlow v. American Eagle Distributing Co. and Anheuser-Busch Sales Company of Denver</u>, Case No. 05-cv-01014-ZLW-BNB in the United States District Court for the District of Colorado (the "Protective Order"), that I have read the Protective Order, and that I agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of this Agreement.

_____

[NAME]

## EXHIBIT A